# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# DOCKET NO. 7:17-CR-00060-2D

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v. )<br>)<br>AARON CODY MAYNOR )<br>) | AGREEMENT<br>TO REVOKE SUPERVISED RELEASE<br>WITHOUT A HEARING<br>AND<br>REVOCATION JUDGMENT |

Upon petition of the U.S. Probation Office, joined herein by the United States and the defendant, to revoke the supervised release of defendant, Aaron Cody Maynor, for good cause shown and based on agreement of the parties as set forth herein:

Rule 32.1 of the Federal Rules of Criminal Procedure permits a defendant to waive the right to a revocation hearing by knowingly and voluntarily admitting the violations outlined in a motion for revocation. See Fed. R. Crim. P. 32.1(b)(2), (c)(2); United States v. Farrell, 393 F.3d 498, 500 (4th Cir. 2005). A court can infer a knowing and voluntary waiver of the right to a full revocation hearing from the totality of the circumstances and without a formal colloquy with the defendant. See Farrell, 393 F.3d at 500; United States v. Stehl, 665 F.2d 58, 58-60 (4th Cir. 1981); see also Fed. R Crim. P. 32.1(c)(1)-(2).

## ADMISSION OF VIOLATIONS

The defendant knowingly and voluntarily admits to the violations in the Motion for Revocation filed August 28, 2025. The Government can prove by a preponderance of the evidence the violation has occurred. The defendant further stipulates the evidence in this matter is both sufficient and likely to result in a finding that the conditions of supervised release have been violated. Specifically, the defendant has committed the following violation of supervised release:

1. <u>Failure to participate as directed by the probation officer in a treatment program for narcotic addiction, drug dependency, or alcohol dependency.</u>   Grade C Violation

## DEFENDANT'S ACKNOWLEDGMENT AND WAIVER

The defendant acknowledges reviewing with counsel 1) the notice of the alleged violation of supervised release and 2) the evidence related to each.

The defendant further acknowledges being aware of the following rights and is knowingly waiving them:

1. The opportunity to appear personally, present evidence, and question adverse witnesses at a revocation hearing; and

2. The opportunity to make a statement personally to the Court in mitigation of sentence and to present mitigating evidence to the Court.

The defendant acknowledges the Court may revoke, modify, or impose additional conditions of supervised release in addition to those which were imposed in the original sentencing order.

## STIPULATIONS AND RECOMMENDATIONS

Pursuant to U.S.S.G. Chapter 7 Policy Statements, the parties stipulate the defendant's violation is a maximum Grade C with a criminal history category IV. According to U.S.S.G. § 7B1.4, a Grade C violation and a criminal history category IV produces an imprisonment range of 6 to 12 months. The court has the statutory authority to impose an active sentence of up to 60 months, if deemed appropriate.

Pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure, the parties agree and recommend that the defendant **revoked and sentenced to an imprisonment term of 8 months of imprisonment**, with no supervision to follow. If the Court rejects this sentence, each party has the right to withdraw from this Agreement and have an evidentiary hearing on the revocation of supervised release.

_Aaron Cody Maynor_, Defendant

Date

_Susanna E. Henry_, Attorney for the Defendant

Date: 10/21/25

_Ethan Ontjes_, Assistant U.S. Attorney

Date: 10-22-2025

RECOMMENDED BY U.S. PROBATION:

_John Chiaramonte_
John V. Chiaramonte, U.S. Probation Officer

Date: 10/21/25

_Mindy L. Threlkeld_, Supervisory U.S. Probation Officer

Date: 10/21/2025

**IT IS, THEREFORE, ORDERED AND ADJUDGED** the supervised release term heretofore granted be revoked, and the defendant is order committed to the custody of the Bureau of Prisons or its authorized representative for an imprisonment term of 8 months with no supervision to follow.

**IT IS FURTHER ORDERED** that the Clerk provide the U.S. Marshal a copy of this Order and same shall serve as the commitment herein

SO ORDERED. This the 6 day of November, 2025.

_James C. Dever III_
U.S. District Judge